UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DAVID JUAREZ,

              Plaintiff,

v.                                       Case No. 19-cv-1593-pp

KENOSHA COUNTY SHERIFF'S DEPARTMENT,
and KENOSHA COUNTY JAIL,

              Defendants.

**ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT (DKT. NO. 47) AND DENYING PLAINTIFF'S REQUEST FOR PROTECTIVE ORDER (DKT. NO. 48)**

At an October 7, 2020 hearing on the defendants' motion to dismiss, the court orally granted the motion to dismiss but told the plaintiff that it would give him a deadline of October 30, 2020 by which to file an amended complaint in which he named proper defendants. Dkt. No. 41 at 2. The next day—October 8, 2020—the court issued a written order dismissing the complaint for failure to state a claim upon which relief could be granted and reiterating that the plaintiff had a deadline of October 30, 2020 by which to file an amended complaint. Dkt. No. 40. The order advised the plaintiff that if that if the court did not receive an amended complaint by the deadline, it "[would] dismiss the case without further notice or hearing on the next business day." Id. at 27.

October 30, 2020 passed without the court receiving an amended complaint. On November 3, 2020, the court issued an order dismissing the case. Dkt. No. 42. The next day, the court received from the plaintiff a motion

1

asking for extension of time to respond to the defendants' motion to dismiss, although the court already had ruled on the motion to dismiss. Dkt. No. 44. On November 10, 2020, the court issued an order denying that motion, pointing out that it already had ruled on the motion to dismiss and that the October 30, 2020 deadline was a deadline for the plaintiff to file an amended complaint. Dkt. No. 45. The court noted that the plaintiff had indicated that he was homeless and observed that the plaintiff had not given the court an address at which to contact him. Id. at 2.

On November 30, 2020, the court received from the plaintiff a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Dkt. No. 47. The court also received from the plaintiff a proposed request for a protective order. Dkt. No. 48. The defendants filed a brief in opposition on December 21, 2020, dkt. no. 49, and the court received the plaintiff's reply on December 30, 2020, dkt. no. 51.

I.  **Motion for Relief from Judgment (Dkt. No. 47)**

The Seventh Circuit has explained the high bar parties face on a motion for relief from judgment under Fed. R. Civ. P. 60(b):

> Rule 60(b) is an extraordinary remedy "designed to address mistakes attributable to special circumstances and not merely erroneous applications of law." *Eskridge* [*v. Cook County*], 577 F.3d [806,] at 809 [(7th Cir. 2009)] (affirming denial of Rule 60(b) motion), quoting *Russell v. Delco Remy Division of General Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995) (quotation marks omitted). The district court may grant Rule 60(b) relief only "under the particular circumstances listed in the text of the rule." See *Russell*, 51 F.3d at 749. Rule 60(b) motions are not meant to correct legal errors made by the district court. See *Marques v. Federal Reserve Bank of Chicago*, 286 F.3d 1014, 1017-18 (7th Cir. 2002).

2

<u>3SM Realty & Development, Inc. v. F.D.I.C.</u>, 393 F. App'x. 381, 384 (7th Cir. 2010). Rule 60(b) allows a court to grant relief from a judgment for any of six reasons:

>   (1)   mistake, inadvertence, surprise, or excusable neglect;
>   (2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>   (3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>   (4)   the judgment is void;
>   (5)   the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>   (6)   any other reason that justifies relief.

The plaintiff's motion recounts the fact that the court gave him a deadline of October 30, 2020 by which to file an amended complaint. Dkt. No. 47 at 1. He states that right before the deadline expired, he filed a request "to extend his deadline to amended the complaint understandabley not yet prossed an taken into consideration before the courts final judgment." <u>Id.</u> He indicates that that he had moved into a residence on October 1, 2020 but realized that the landlord had installed a high-definition, two-way radio camera in the apartment above the front door. <u>Id.</u> The plaintiff indicates that after the October 7, 2020 hearing, he "decided to unscrew the camera inside his apartment placed by the landlords" and he says "they" got very upset, which caused him to go to the police department and fill out a complaint. <u>Id.</u> The plaintiff says this is why he asked for additional time to amend the complaint; he says his landlord terminated his lease on October 11, 2020, leaving him homeless. <u>Id.</u>

3

The motion goes on to explain that between October 7 and October 30, 2020, the plaintiff was arrested by the Racine County Sheriff's Department after getting pulled over for driving with a revoked license. Id. at 2. He says he was in the Racine County Jail for twelve to fourteen days between October 7 and October 30. Id. Although the plaintiff posted bail, he says that on October 29 he had an "incident" with an off-duty officer from the Caledonia police department that involved a storage locker and a car with no license plates. Id. at 2-3. As of the date the plaintiff wrote the motion—sometime in mid- to late November 2020—he was in administrative segregation in twenty-three-hour lockdown on a felony charge. Id. at 4. The plaintiff says that he has an open complaint filed with the Racine County clerk's office. Id.

A review of the public docket shows that on July 14, 2020, the plaintiff filed a civil lawsuit against the Racine County Police Department, the Racine County Jail, the Racine City District Attorney's Office, the Racine City Board of Commission and the Racine City Public Defender's Office. David Juarez v. Racine City Police Department *et al.*, Case No. 2020CV001147 (Racine County Circuit Court) (available at https://wcca.wicourts.gov). The case was dismissed on October 21, 2020. Id. The docket also shows three open misdemeanor cases, State v. Juarez, Case No. 2020CM000209 (Racine County Circuit Court) (charging disorderly conduct and bail jumping), State v. Juarez, Case No. 2020CM001052 (Racine County Circuit Court) (charging disorderly conduct, resisting/obstructing and bail jumping) and State v. Juarez, Case No. 2020CM001518 (Racine County Circuit Court) (charging possession of

marijuana, operating while revoked and bail jumping), as well as an open felony case, State v. Juarez, 2020CF001409 (Racine County Circuit Court) (charging second-degree recklessly endangering safety, fleeing/eluding, resisting or obstructing an officer, operating while revoked and misdemeanor bail jumping) (all available at https://wcca.wicourts.gov).

The defendants argue that the plaintiff has not identified any reason why he could not file the amended complaint by the deadline the court set, asserting that the fact of being incarcerated does not prevent a person from sending letters to or communicating with the court. Dkt. No. 49. They also argue that the plaintiff has not identified any mistake, inadvertence, surprise or excusable neglect. Id. at 2. The plaintiff replied that he has been on lockdown for twenty-three hours a day. Dkt. No. 51 at 2. He explains that before that, he was homeless and had little access to the internet or printing resources. Id. The plaintiff cites the Americans with Disabilities Act. Id. at 3.

The defendants are correct that the plaintiff has not alleged mistake, inadvertence, surprise or excusable neglect under Rule 60(b)(1). He has not presented the court with newly-discovered evidence under Rule 60(b)(2). He has not alleged fraud under Rule 60(b)(3). He has not identified a void judgment under Rule 60(b)(4) or a satisfied or released judgment under Rule 60(b)(5). This leaves only the "any other reason that justifies relief" provision of Rule 60(b). "Rule 60(b) vests wide discretion in courts, but [the Supreme Court] has held that relief under Rule 60(b)(6) is available only in 'extraordinary circumstances.' *Gonalez* [*v. Crosby*], 545 U.S. [525,] at 545 [(2005)]." Buck v.

5

Davis, ___ U.S. ___, 137 S. Ct. 759 (2017). "In determining whether extraordinary circumstances are present, a court may consider a wide range of factors. These may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.' *Liljeberg v. Health Serv's Acquisition Corp.*, 486 U.S. 847, 863-64 . . . (1988)." Id.

The plaintiff has not demonstrated extraordinary circumstances. In October 2019, the plaintiff filed a lawsuit in Kenosha County Circuit Court alleging that in June 2019, his constitutional rights were violated when he was arrested and subjected to excessive force; he alleged kidnapping, false arrest and cruel and unusual punishment. Dkt. No. 1-2. The case was removed to this court on October 30, 2019. Id. Under Wis. Stat. §893.53, the plaintiff had three years from June 2019 to sue for any constitutional violations that occurred during the incident. He still has some sixteen months before the statute of limitations expires. The court told the plaintiff at the October 7, 2020 hearing that he needed to file an amended complaint by October 30, 2020. The court *did* receive a motion to extend time from the plaintiff, but it received that motion on November 4, 2020—four days *after* the deadline for amending the complaint—and the motion asked for more time to respond to the defendants' motion to dismiss, not for more time to amend the complaint. Dkt. No. 44.

The defendants also are correct that even when the plaintiff has been homeless, even when he has been incarcerated, he has found ways to communicate with the court. He is in custody at this time, yet he managed to

6

get both his Rule 60(b) motion and his brief to the court. The plaintiff has had a rough time, losing his home and being arrested. But those difficulties do not constitute extraordinary circumstances sufficient to grant him relief from the court's judgment, particularly when he has time to refile the case once he gets his affairs settled.

Because the court received the plaintiff's motion less than twenty-eight days after it dismiss his case, the court also has considered his request under Fed. R. Civ. P. 59(e). A party has twenty-eight days from the entry of judgment to file a Rule 59(e) motion. The plaintiff filed his motion twenty-seven days after the court dismissed his case.

Rule 59(e) permits a party to file a motion to alter or amend a judgment in cases where the party "bring[s] to the district court's attention a manifest error of law or fact, or newly discovered evidence." Bordelon v. Chi. School Reform Bd. of Trustees, 233 F.3d 524, 529 (7th Cir. 2000). The rule "does not provide a vehicle for a party to undo its own procedural failures. . . ." Id. (quoting Moro v. Shell Oil Co., 91 F.3d 872, 876 (7th Cir. 1996)). Further, "[a] 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" Oto v. Metro. Life Ins. Co., 224 F.3d 601, 606 (7th Cir. 2000) (citations omitted).

The plaintiff has not argued that the court committed a manifest error of law or fact in dismissing his case—he admits that he did not file an amended

complaint by the deadline the court set. Nor has he identified any newly discovered evidence. Rule 59(e) does not afford the plaintiff relief.

The court will deny the plaintiff's motion.

## II. Request for Protective Order (Dkt. No. 48)

The plaintiff alleges that he is being kept in twenty-three-hour lockdown at the Racine County Jail. Dkt. No. 48 at 1. He says that on September 10, 2020 he filed a lawsuit with the Racine County clerk's office—he refers to this lawsuit as "Case NO: 20-CV-1140"—and alleges that neither the clerk nor the judge have been responsive. Id. He says the Racine Police Department accepted the complaint but failed to respond and that the Racine County Sheriff's Department refused to accept the complaint. Id. He reiterates that he is in segregation on lockdown twenty-three hours a day, says that he has an active Prison Rape Elimination Act investigation in process, says that he is afraid and losing his mind and asks for help. Id.

In federal civil litigation, the term "protective order" has a special meaning. Fed. R. Civ. P. 26(c)(1) allows a party from whom the other side has sought discovery to ask for a "protective order" forbidding or limiting the discovery to be disclosed. The court suspects that this is not what the plaintiff meant when he asked for a "protective order." The court suspects, given the plaintiff's allegations that he has filed a lawsuit to which no one has responded and that he has a PREA investigation ongoing and is scared, that the plaintiff is asking this court to order that he receive physical protection of some kind. The court suspects that in referring to a lawsuit, he is referring to Case No.

2020CV001147, which he filed in Racine County Circuit Court on July 14, 2020 and which was dismissed on October 21, 2020. Perhaps that lawsuit had something to do with whatever is scaring the plaintiff now; the court does not know, because it does not have access to the state-court complaint.

The plaintiff does not state from whom he seeks protection. He does not explain how whatever is happening to him in the jail is related to this lawsuit (which is a lawsuit against different law enforcement and jail personnel in a different county). He does not explain what protection he seeks. Because the plaintiff does not have a federal lawsuit against any Racine County defendants, this court does not have the authority to take any action, even if it knew what action the plaintiff wanted the court to take. Hopefully the PREA investigation will shed some light on the plaintiff's concerns and provide him some assurance. The court must deny the motion for a protective order.

### III. Conclusion

The court **DENIES** the plaintiff's motion for judgment from relief. Dkt. No. 47.

The court **DENIES** the plaintiff's request for protective order. Dkt. No. 48.

Dated in Milwaukee, Wisconsin this 3rd day of February, 2021.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**